## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** | : |
| **v.** | : No. 06-cr-00246-002 (HHK) |
| **ANDRE L. RANDLE, et al.** | : |
| **DEFENDANT** | : |

### NOTICE OF FILING DISCOVERY LETTER REQUEST

Attached hereto is a copy of the Discovery Letter Request served by first class mail, postage prepaid, on February 7, 2007, upon AUSA Anthony J. Scarpelli..

### POINTS AND AUTHORITIES

1.  Fed. Crim. Pro. R. 12, 16.

2. LcrR 16.1.

Respectfully submitted,

_____

Kenneth D. Auerbach
D.C. Bar No. 370469
8720 Georgia Avenue, Ste 704
Silver Spring, Maryland 20910
(301)585-5566

Counsel to Andre L. Randle

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this paper and the attached Discovery Letter Request was served on all parties by the electronic filing system of the United States District Court for the District of Columbia on April 19, 2007.

_____

Kenneth D. Auerbach

February 8, 2007

AUSA Anthony J. Scarpelli
Office of the United States Attorney for
  the District of Columbia
555 Fourth Street, N.W.
Washington, D.C. 20530

**Re**: *United States v. Andre Randle*, No. 06-246 (HHK)--*Discovery Request*

Dear Mr. Scarpelli:

I am writing to pursue discovery on behalf of Andre Randle ("my client" or "Accused"). I have received the papers and material you disclosed to my predecessor, John Norris, but I write now to be assured that my client receives the full measure of discovery to which he is entitled by law. Please furnish the following documents and information within the possession, control, or custody of your office or any government agency allied with your office (including without limitation MPD, DEA, FBI, BATF, and other agencies having investigative or law enforcement functions):

1. Any relevant written or recorded statements made by my client, or copies thereof, within the possession, control, or custody of the government, the existence of which is known, or by the exercise of due diligence may become known, to the government. Fed.Crim.P.R. 16(a)(1)(A).

2. Any portion of any written record containing the substance of any relevant oral statements made by my client whether before or after arrest in response to interrogation by any person then known to be a government agent. Fed.Crim.P.R. 16(a)(1)(A). This includes without limitation any section of police reports containing information supplied by my client.

3. The substance of any oral statements that the government intends to offer in evidence at trial made by the Accused whether before or after arrest, in response to interrogation by any person then known to be a government agent. Fed.Crim.P.R. 16(a)(1)(A).

Page 2 of 10

4. A copy of my client's prior criminal record that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence
may become known, to the government. Fed.Crim.P.R. 16(a)(1)(B).

5. All books, papers, documents, photographs, tangible objects, or copies or portions thereof that were obtained from or belong to my client. Fed.Crim.P.R. 16(a)(1)(C).

6. All books, papers, documents, photographs, tangible objects, or copies or portions thereof that the government intends to use at trial as evidence in its case-in-chief. Fed.Crim.P.R. 16(a)(1)(C).

7. Viewing letters indicating that you have no objection to my or an investigator authorized by me inspecting the following to the extent applicable in this case:

> a.) drugs, narcotics, or other alleged contraband;
> b.) money;
> c.) ammunition, firearms, or other similar items;
> d.) any ziplocks, razor blades, drug paraphernalia, or other similar matter;
> e.) pager;
> f.) any personal papers or identification recovered from my client and retained as evidence in this case; and
> g.) any other tangible or physical evidence or summaries, graphs, or charts of evidence you intend to offer into evidence;

8. All books, papers, documents, photographs, tangible objects, or copies or portions thereof that are material to the preparation of the defense (Fed.Crim.P.R. 16(a)(1)(C));

9. All results or reports of physical or mental examinations, scientific tests or experiments, or copies thereof that are material to the preparation of the defense or are intended for use by the government as evidence in its case-in-chief at trial. Fed.Crim.P.R.16(a)(1)(D);

10. Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972) and their progeny, please disclose documents or information in whatever form that (1) tends to exculpate my client with respect to the charges in the indictment, (2) might be deemed material to the defense, (3) tends to impeach the witnesses against him, or (4) are relevant to sentencing. Please furnish me with

information that points to reasons or would support an argument why my client's potential sentence should be less than the maximum punishment prescribed by law. We request disclosure of such information regardless of the form within the possession, custody, or control of your office or any government agency allied with your office, including without limitation the MPD, DEA, FBI, BATF, and other similar investigative agencies or organizations. *United States v. Brooks*, 966 F.2d 967 (3d Cir. 1991).

This includes:

a.) All documents or information in whatever form reflecting any conviction or arrest or juvenile adjudications parole status or pending case of any government witness. *Davis v. Alaska*, 415 U.S. 309 (1974);

b.) All documents or information in whatever form relating to inconsistencies in statements given by any government witness;

c.) All documents or information in whatever form that would tend to impeach the credibility of any government witness. *United States v. O'Connor*, 64 F.3d 355 (8th Cir. 1995) (failure to disclose that government witness had been threatened); *United States v. Kelly*, 35 F.3d 929 (4th Cir. 1994) (failure to disclose letter from victim relevant to her credibility); *United States v. Dimas*, 35 F.3d 1015 (7th Cir. 1993) (failure to disclose that government's chief witness had falsified report in unrelated case); *United States v. Brumel-Alvarez*, 991 F.2d 1452 (9th Cir. 1992) (failure to disclose that informant had lied during investigation, influenced investigating DEA and Customs agents, and thwarted opportunity to gather crucial evidence); *United States v. Brumel-Alvarez*, 976 F.2d 1235 (9th Cir. 1992) (failure to disclose internal DEA memorandum questioning reliability of informant);

d.) All documents or information in whatever form that would tend to bear adversely on the character or reputation for truthfulness of any government witness;

e.) All documents or information in whatever form that relate to promises, consideration, or inducements made to any government witness, directly to the witness or indirectly to the witness's attorney, friends, family, or business associates. "Consideration" means anything of value or use, monetary or otherwise, including but not limited to: immunity grants, whether formal or informal, witness fees, transportation assistance, money, or suggestion of possible favorable treatment with respect to any criminal, civil, or administrative matter. *United States v. Shaffer*, 789 F.2d 682 (9th Cir. 1986)(failure to disclose assets of informant/witness in light of government's failure to move for forfeiture of those assets despite lack of formal agreement not to seek forfeiture

because could be tacit agreement);

f.) All documents or information in whatever form that relate to threats to or coercion of any government witness, whether made directly or indirectly to the witness or attorney, friends, family, or business associates. "Threats" and "coercion" include without limitation statements or suggestions that the witness could be prosecuted; that the witness could be subpoenaed to testify before a grand jury; that the government could exercise any influence whatsoever over any pending or threatened civil, juvenile, criminal, or administrative litigation or matter involving the witness, family, friends, or business associates; or that the government could exercise any influence whatsoever over the witness's parole, probation, or custodial status, or that of a friend, family member, or business associate of the witness. *United States v. O'Connor*, 64 F.3d 355 (8th Cir. 1995) (failure to disclose that government witness had been threatened);

g.) Each specific instance of conduct known to the government from which it could be inferred that any government witness is untruthful;

h.) All documents or information in whatever form that relate to whether any government witness or prospective government witness is or was suffering from any mental disability or emotional disturbance or is or was addicted to or using drugs or alcohol at any time during the period of investigation to the present;

I.) Any prior testimony of all prospective government witnesses that was determined by a judge or jury not to be credible;

11. As a predicate to motions pursuant to Fed.Crim.P.R. 12  please inform me:

a.) if any evidence was obtained by a search or seizure warrant and a description of any such evidence;

b.) if any evidence in the possession, custody, or control of the government was obtained through electronic surveillance, including without limitation wiretap or body wires,
and a description of such evidence;

c.) if any confidential informant or special employee was used in the detection or investigation of the alleged offenses in this case and the identity of such person(s). *Roviaro v. United States*, 353 U.S. 53 (1957);

12. Please promptly disclose any evidence of similar crimes, wrongs, or acts

allegedly committed by my client upon which the government intends to rely to prove motive, scheme, opportunity, intent, preparation, knowledge, or absence of mistake or accident, F.R.E. 404(b); *Drew v. United States*, 331 F.2d 85 (D.C. Cir. 1964), including a statement of the government's theory(ies) of admissibility of such evidence.

13. Please disclose the date on which the grand jury heard evidence in this case; the identities of all person to whom grand jury materials were disclosed; whether any person(s) were present during grand jury proceedings other than the grand jurors, witnesses, the court reporter, and the Assistant United States Attorney; the instructions provided to the grand jury before the indictment was returned; and the voting record.

14. Please furnish in advance of trial all prior statements by any person who will be a government witness at any motions or suppression hearing or at trial. Fed.Crim.P.R. 12(I) and 26.2.

15. If not already furnished in response to earlier requests or other discovery opportunities please furnish copies of the following documents: MPD 163, 251, 252, 255, 95, 47, and 81; FBI 302; and similar police or investigative agency reports.

16. Provide a written summary of testimony the government intends to use under F.R.E. 702, 703, or 705 during its case-in-chief at trial. This summary should also describe the witness's opinions, bases and the reasons therefor, and the witness's qualifications. Fed.Crim.P.R. 16(a)(1)(E).

17. In addition to the foregoing, the defense specifically requests the following as material subject to mandatory disclosure pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Agurs*, 427 U.S. 97 (1976); *Giglio v. United States*, 404 U.S. 150 (1972); *McDowell v. Dixon*, 858 F.2d 945 (4th Cir. 1988) (conviction reversed on due process grounds for failure to disclose exculpatory evidence), as well as the defendant's Sixth Amendment Compulsory Process Clause right to discover the identity of favorable witnesses and the existence of exculpatory evidence, *United States v. Nixon*, 418 U.S. 683, 709 (1974):

a.) "Negative exculpatory statements" - any statement made by a percipient or informed person who would have been expected to or did witness some or all of the events alleged in this case that fail to mention my client. *Jones v. Jago*, 575 F.2d 1164 (6th Cir. 1978);

b.) Any failure by an eyewitness to identify my client as an actor in a transaction in which the government contends he personally participated;

Page 6 of 10

c.) The local and FBI arrest and conviction record of every prospective government witness, including the docket number and jurisdiction of all pending cases. *United States v. Perdomo*, 929 F.2d 967, 970-971 (3d 1991) (check of NCIC records did not satisfy obligation to reveal conviction record of government witnesses—all information available to prosecutors and agencies working with prosecutor must be disclosed); *United States v. Strifler*, 851 F.2d 1197, 1202 (9th 1988) (criminal records of witnesses must be disclosed);

d.) The local and FBI criminal records of all declarants whose out-of-court statements the government will seek to introduce as an exception to the hearsay rule. F.R.E. 806;

e.) A copy of any federal or state presentence or probation report of any prospective government witness. *United States v. Figurski*, 545 F.2d 389 (4th Cir. 1976); *United States v. Anderson*, 724 F.2d 596, 598 (7th Cir. 1984) (presentence report contents that impeach witness' credibility are discoverable; interpreting *Figurski*); *Strifler*, *supra* at 1201;

g.) The oral and/or written results of any polygraph test administered to any prospective government witness. *Carter v. Rafferty*, 826 F.2d 1299, 1306-09 (3d Cir. 1987);

h.) Any express or implicit promise, understanding, offer of immunity, or of past, present, or future compensation, or any other kind of agreement or understanding between any prospective government witness and the government (federal, state and local), including any implicit understanding relating to criminal income tax liability;

1.) This request includes any implicit suggestion or inducement that the government may advance a "substantial assistance" motion on behalf of any prospective government witness. *United States v. Shaffer*, 789 F.2d 682, 689 (9th Cir. 1986) (all benefits and promises, including tax benefits); *United States v. Risken*, 788 F.2d 1361, 1375 (8th Cir. 1986) (implied contingent fees); *United States v. Luc Levasseur*, 826 F.2d 158 (1st Cir. 1987) (government must make pretrial disclosure of all promises and inducements);

2.) This request includes the payment, promised payment or reimbursement, or any money or reward, including:
    I.) living expenses
    ii.) medical treatment
    iii.) transportation expenses

iv.) entry into witness protection program, *United States v. Librach*, 520 F.2d 550 (8th Cir. 1975);

I.) Any discussion with a prospective witness about, or advice concerning, any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice was not followed. *Brown v. Dugger*, 831 F.2d 1547, 1558 (evidence that witness sought plea bargain is to be disclosed, even if no deal was struck); *Haber v. Wainwright*, 756 F.2d 1520, 1523-24 (11th Cir. 1985) (government must disclose its "advice" to witness regarding possible prosecution for crimes). This request includes any express or implicit threat by a government agent against a prospective witness for that witness' refusal to testify. *United States v. Sutton*, 542 F.2d 1239 (4th 1976);

j.) Any promises or aid given to any witness in connection with that witness' dealings with any governmental administrative agency including, but not limited to, the Internal Revenue Service, the Federal Reserve Bank, and the Federal Deposit Insurance Commission. *United States v. Wolfson*, 437 F.2d 862 (2d Cir. 1970);

k.) Any promises of help by the government or its employees in any civil or criminal forfeiture proceeding. *United States v. Parness*, 408 F. Supp. 440 (S.D.N.Y. 1975);

l.) Any evidence that any prospective government witness is or has been under investigation by federal, state or local authorities for any criminal conduct unrelated to the instant indictment. *United States v. Chitty*, 760 F.2d 425, 428 (2d *cert. denied*, 474 U.S. 945 (1985) (government is under affirmative duty to disclose fact that government witness is under investigation);

m.) Any evidence that any prospective government witness has ever made any false statement to authorities, whether or not under oath or under penalty of perjury. *Unitd States v. Cuffie*, 80 F.3d 514 (D.C. Cir. 1996) (reversing conviction for failure to disclose key witness's perjury in another proceeding); *Strifler*, *supra* (evidence that witness previously lied must be disclosed);

n.) Any evidence that any prospective government witness has a bad community reputation for honesty, truthfulness, or veracity. *See* F.R.E. 608;

o.) Any evidence that any prospective government witness is biased, prejudiced or has a motive to be biased or prejudiced against the defendant for any reason. *Strifler, supra* at 1202 (motive for witness to inform is discoverable); *United States v. Sperling*, 726 F.2d 69 (2d Cir. 1984);

Page 8 of 10

p.) Any evidence that any prospective government witness has made a contradictory or inconsistent statement with regard to this case. *United States v. Hibler*, 463 F.2d 455, 460 (9th Cir. 1972) (reversible error not to disclose statement of police officer casting doubt on the story of the witness); *Hudson v. Blackburn*, 601 F.2d 785, 789 (5th 1979) (duty to disclose police officer's evidence refuting witness' statement that he identified defendant at lineup);

q.) Any evidence that the testimony of any prospective government witness is inconsistent with any statement of any other person or prospective witness. *Hudson*, *supra* at 789; *Hibler*, *supra*. Any testimony, which is inconsistent with other evidence against the defendant. *Mesarosh v. United States*, 353 U.S.1 (1956); *Johnson v. Brewer*, 521 F.2d 556 (8th Cir. 1975);

r.) Any evidence that any prospective government witness has ever engaged in any activity that involves deceit, fraud, or false statements whether or not the activity resulted in charge or conviction. *Strifler, supra* at 1202 (false statements to authorities); F.R.E. 608(b);

s.) Any evidence that any prospective witness has consumed alcohol, controlled substances, or prescription medication, within two days prior to trial and/or at any time proximate to the events concerning which they will testify. *King v. Ponte*, 717 F.2d 635 (1st Cir. 1983);

t.) Any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective government witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. *Chavis v. North Carolina*, 637 F.2d 213, 224 (4th Cir. 1980) (government must produce psychiatric or other reports reflecting on the competency or credibility of a government witness); *United States v. Society of Independent Gasoline Marketers of America*, 624 F.2d 461, 467-469 (4th Cir. 1980);

u.) Any evidence that someone other than the defendant committed, or was ever suspected of committing, the crimes charged or of performing the role in the offense which the prosecution intends to prove was performed by the defendant. *McDowell v. Dixon, supra*; *Miller v. Angliker*, 848 F.2d 1312, 1321-23 (2d Cir. 1988) (reversible error not to disclose that person other than defendant committed murders); *Bowen v. Maynard*, 799 F.2d 593, 613 (10th Cir. 1986) (reversible error not to disclose existence of suspect who resembled defendant); *James v. Jago*, 575 F.2d 1164, 1168 (6th Cir. 1978) (error not to disclose statement of witness not mentioning defendant); *Sellers v. Estelle*, 651 F.2d

Page 9 of 10

1074, 1076 (5th Cir. 1981) (reversible error not to disclose police reports indicating guilt of another);

   v.) If an informant was used in this case, please produce the informant's state and federal tax returns for the three years preceding and succeeding such person's providing information to the government.  *See* Internal Revenue Code Section 6103(I)(1) and (2); *United States v. Wigoda*, 521 F.2d 1221 (7th 1975) (*in camera* inspection); *Johnson v. Sawyer*, 640 F. Supp. 1126 (S.D. Tex. 1986) (tax returns may be disclosed);

   w.) If an informant was used in this case, please provide a complete a copy of all files maintained by the government or its agencies concerning such informant regardless of the title or name of such file.  *United States v. Garrett*, 542 F.2d 23 (6th Cir. 1976); *United States v. Deutch*, 475 F.2d 55 (5th 1973); *United States v. Austin*, 492 F. Supp. 502 (N.D.Ill. 1980);

   x.) Please disclose the names and addresses of non-testifying witnesses to the offenses allegedly committed by the defendant. *United States v. Cadet*, 727 F.2d 1453, 1469 (9th Cir. 1984) (defendant entitled to discovery of non-testifying witnesses because it is logical to infer that a person who witnessed a criminal act whom the government does not intend to call at trial reasonably would provide testimony favorable to the defendant).

 My client requests as part of the government's ongoing obligation to disclose material to the defense that you make specific inquiry of each government agent connected to this case for each of the above listed items. *United States v. Jackson*, 780 F.2d 1305, 1308 n.2 (6th Cir. 1986) (FBI's knowledge attributable to prosecutor); *United States v. Bailleux*, 685 F.2d 1105, 1113 (9th Cir. 1982) (tape in custody of FBI deemed in custody of United States Attorney); *United States v. Auten*, 632 F.2d 478, 481 (5th 1980) (information in files of federal agency is deemed to be in possession of prosecution); *Martinez v. Wainwright*, 621 F.2d 184, 186 (5th Cir. 1980) (rap sheet in medical examiner's file is deemed in custody of prosecution); *United States v. Butler*, 567 F.2d 885, 889 (9th Cir. 1978) (prosecutor responsible for promise by agent to witness even if prosecutor did not know of promise).

 In conclusion, I request disclosure of any evidence that alone or in conjunction with other evidence of any character may cast doubt upon the accused's guilt. *Kyles v. Whitley*, 514 U.S. 419 (1995) (prosecutor has duty to learn of an favorable evidence known to others acting on the government's behalf in the case, including police). For example, if a District of Columbia employee will testify, I expect you to review his personnel file to determine if there is any arguably exculpatory materials therein such as

disciplinary actions for untruthfulness or other material reflecting on credibility, obedience to statutes or agency regulations, rules, policy, practices, or guidelines. Also, if the witness has been disciplined, that information is discoverable because it suggests a bias of the witness in that he would have a motive to fabricate or shade his testimony to avoid embarrassment or termination of employment.  I understand that your office maintains a list of police officers who should not be called as prosecution witnesses because there are disciplinary actions pending against them, they have been indicted, they have a history of perjury, or for other reasons. If any government witness's name appears on that list, I request that it be disclosed to us. *See United States v. Lacy*, 896 F.Supp. 982 (N.D. Cal. 1995).  I am requesting any evidence that the defense can use to attack the character and substance of the government's investigation, including evidence of shoddy police work, is exculpatory evidence. *Kyles, supra*.

The defense reserves the right to supplement the above requests as our investigation and other discovery suggests, and of course, we look forward to your response shortly. I will file a copy of this letter in the court file to memorialize our discovery request.

Finally, please consider the following comments from Judge Stephen S. Trott:

Criminals are likely to say and do almost anything to get what they want, especially when        what they want is to get out of trouble with the law. . . . this willingness to do anything  includes not only truthfully spilling the beans on friends and relatives, but also lying, committing perjury, manufacturing evidence, soliciting others to corroborate their lieswith more lies, and double-crossing anyone with whom they come into contact,  including-and especially-the prosecutor. A drug addict can sell out his mother to get adeal, and burglars, robbers, murderers and thieves are not far behind. Criminals are remarkably manipulative and skillfully devious. Many are outright conscienceless sociopaths to whom "truth" is a wholly meaningless concept. To some, "conning" people is a way of life. Others are just basically unstable people. A "reliable informer" one day may turn into a consummate prevaricator the next.

*Words of Warning for Prosecutors Using Criminals as Witnesses*, 47 Hastings L.J. 1381, 1383 (1996).

Page 10 of 10

Sincerely yours,


Kenneth D. Auerbach

Counsel to Andre Randle

cc: Andre Randle
KDA/cm