IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES | : |
| v. | : No. 06-cr-00246-002 (HHK) |
| ANDRE L. RANDLE, et al. | : |
| DEFENDANT | : |

**MOTION TO RECONSIDER CONDITIONS OF PRETRIAL DETENTION**

    ANDRE L. RANDLE, defendant, by Kenneth D. Auerbach, his counsel, moves the court to reconsider conditions of pretrial detention and states:

    1. On August 24, 2006, Andre L. Randle was before Magistrate Judge Kay on this case. The Court found as fact that based on information from a "reliable source," a large quantity of cocaine would be received by a person known to them, the cocaine having been delivered from Texas. On August 15, 2006, DEA followed this known individual and saw a brief meeting between the person and codefendant Miller. Shortly thereafter, DEA agents saw codefendant Miller and then saw a meeting between two cars. The first vehicle was a Mercedes that had previously parked outside the Fairmont Hotel, the second was a Lincoln Towncar with Texas license plates. The two cars pulled away until the DEA agents performed a traffic stop. Codefendant Miller was driving the Lincoln Towncar, and defendant Andre Randle was in the front passenger seat. The Magistrate Judge found that both Miller and Randle consented to a search of the car, which after a K-9 dog investigated found presence of cocaine in the car. After ripping out the front dashboard, DEA agents discovered 9 kilograms of cocaine powder hidden there. Investigation at the hotel room where Andre L. Randle was registered led law enforcement

to interview Tiffany Hunter, who told investigators that she accompanied Andre L. Randle, who had driven the car from Texas to Washington, D.C.

    2. Magistrate Judge Kay concluded that all of the factors listed in the *Bail Reform Acrt*, 18 U.S.C.§ 3141, *et seq*. favored detention: that there were no conditions, alone or in combination, that would assure the presence of Andre L. Randle or the safety of the community. Andre L. Randle seeks review of this decision.

    3. Andre L. Randle is a resident of Texas who was drove a car with a female companion to Washington, D.C. There was provided to law enforcement that anyone other than codefendant Miller would be invovled in a crime, as evidenced by the surveillance of codefendant Miller from the time he arrived in Maryland to his meeting with Andre L. Randle. At the time of the traffic stop, codefendant Miller was driving the car and Andre L. Randle was a passenger. When asked for consent to search the car, both defendants consented. There is no basis on which to conclude that Anrdre L. Randle drove the car from Texas with knowledge that so hidden within the dashboard was 9 kilograms of powder cocaine that could only be discovered by a K-9 unit and law enforcement's ripping out the front dashboard. At this point in criminal proceedings, Andre L. Randle is presumed innocent, especially as here where the contraband was deeply hidden in the car's dashboard, the information received by law enforcement was directed by codefendant Miller, who assumed control of the car and was seen meeting with people in the other car.

    The Magistrate Judge's conclusion that Andre L. Randle was involved in trading a large quantity of cocaine powder misstates the evidence presented in the findings of fact. At no time did Andre L. Randle indicate any awareness of the presence of contraband nor did he indicate by

act or word any participation in codefendant Miller's activities. Indeed, the police investigation had everything to do with codefendant Miller and nothing to do with Andre L. Randle.

4. Andre L. Randle, as noted in the Detention Memorandum, has prior convictions for drug-related offenses in Texas. But none of Andre L. Randle's charges involve any failure to appear in court, bail jumping, obstructing justice, or any other defalcation to indicate his inability or unwillingness to comply with conditions of release. Specifically, home electronic monitoring compounded with a curfew and the posting of reasonable but substantial financial security (real property), would reasonably assure the safety of the community and the appearance of Andre L. Randle at a trial of this case, the date which is expected to be set at the Status Hearing scheduled for April 27, 2007.

For the reasons stated, Andre L. Randle moves this Court to schedule a hearing to permit presentation of options modify the conditions of release to permit Andre L. Randle to be released from detention under the supervision of Pretrial Services.

## POINTS AND AUTHORITIES

1. Fed. Crim. Pro. R. 12.

2. *Bail Reform Act*, 18 U.S.C.§ 3141, *et seq. See also*, *Stack v. Boyle*, 342 U.S. 1 (1951) (in noncapital case accused shall be released if gives adequate assurance that he will appear at trial and submit to sentence if convicted); *United States v. Leathers*, 412 F.2d 169 (D.C. Cir. 1969)(third party custody preferred condition of release).

4. U.S. Constitution, *Amends.* V and VIII bar excessive bail.

      Respectfully submitted,

      _____
      Kenneth D. Auerbach
      D.C. Bar No. 370469
      8720 Georgia Avenue, Ste 704
      Silver Spring, Maryland 20910
      (301)585-5566

      Counsel to Andre L. Randle

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this paper was served on all parties by the electronic filing system of the United States District Court for the District of Columbia on April 19, 2007.

      _____
      Kenneth D. Auerbach

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES** | : |
| v. | : No. 06-cr-00246-002 (HHK) |
| **ANDRE L. RANDLE, et al.** | : |
| **DEFENDANT** | : |

### ORDER

THE COURT, having considered DEFENDANT'S MOTION TO RECONSIDER CONDITIONS OF PRETRIAL DETENTION, and the reasons therefor;

**Ordered**, that the motion is and shall be **granted**;

**Further Ordered**, that Clerk is directed to schedule a hearing on the motion on _____.

.

_____
Henry H. Kennedy, Judge
United States District Court for the District of Columbia